SAMANTHA P. TURNER *vs.* JAMES F. FOOTMAN.

Somerset.   Opinion May 29, 1880.

*Trespass.   Assault and battery.   Instructions.   Practice.   Measure of damages.*

It is the abuse of some special and particular authority given by law, and not of a legal right which is common to all, which will make a man a trespasser *ab initio* and so responsible for all his acts in the transaction, and liable to make compensation to the injured party for all the damage he has suffered, whether it arose from acts which would have been justifiable if the legal right had not been exceeded, or otherwise.

Where the legal right of self defence has been exceeded, the party so offending is liable only for the excess of force, and not for any damage which his opponent may have suffered from acts that were within the proper line of self defence.

It is erroneous in an action for assault and battery, where the defendant not only pleads the general issue, but further by way of brief statement that he " was unlawfully imprisoned by the plaintiff in her shop and used no more force than was necessary to liberate himself from such unlawful imprisonment," and offers evidence in support of the last plea, to instruct the jury that if their verdict is for the plaintiff, it should be for such sum as would make her pecuniarily whole, and as would fairly and justly compensate her for the injury received.   Such instruction is appropriate only in case the jury should find that the attempted imprisonment was not unlawful.   Upon such pleadings, with evidence in support of them, the jury should also be instructed as to the proper measure of damages in case they should find that the attempted imprisonment was unlawful, but that defendant used excessive or improper force to relieve himself from it.   Nor does the defendant waive his right to have such instructions by omitting to make a special request for them, when the only rule for the measure of damages given to the jury is full compensation.

ON EXCEPTIONS.

Trespass for an alleged assault and battery, committed January 29, 1877.   The writ is dated February 14, 1877.   The verdict was for $600.   The case comes to the law court upon the defendant's exceptions to certain instructions in the charge to the jury. The facts sufficiently appear in the opinion.

*Baker & Baker*, for the plaintiff.

There is no objection to the instructions actually given.   They were required by the facts and contingencies of the case, and are sound law as applicable to one contingency.   The complaint is simply that there was another possible contingency on which

the court omitted to give instructions, and none were asked by the counsel. It is too late for him to take advantage of this omission now. *Darby* v. *Hayford*, 56 Maine, 246 ; *Hunter* v. *Heath*, 67 Maine, 507. But there was no omission. The rule of damages was the same in both contingencies. The license, which the defendant had, to use any force, was conferred on him by the law, and if he abused that authority, or used excessive force, he became a trespasser *ab initio*, and liable for all damages the same as if he had no authority. *Six Carpenters' Case*, 8 Coke, 146 ; 1 Smith's Leading Cases, part 1, [*216,] 274–279, and cases there cited ; Bacon's Abridgment, Trespass, B. ; *Mussey* v. *Cummings*, 34 Maine, 74 ; *Ross* v. *Philbrick*, 39 Maine, 29 ; *Hunnewell* v. *Hobart*, 42 Maine, 565 ; The case, *Coleman* v. *R. R. Co.* 106 Mass. differs from this.

*D. D. Stewart*, for the defendant, cited : *Six Carpenters' Case*, 8 Coke, 146, a ; *Bagshaw* v. *Gaward*, Metcalf's Yel. 97 ; 1 Espinasses, *Nisi Prius*, 317 ; 5 Davies Abr. 556, 585 ; *Watson* v. *Christie*, 2 B. & P. 224 ; *Etherton* v. *Popplewell*, 1 East. 139 ; *Winterbourne* v. *Morgan*, 11 East. 395 ; *Kerby* v. *Denby*, 1 M. & W. 337 ; *Gale* v. *Dalrymple*, 1 C. & P. 381 ; *Penn* v. *Ward*, 2 Cr. M. & Ros. 338 ; *Van Brant* v. *Sherick*, 13 Johns. 414 ; *Mussey* v. *Cummings*, 34 Maine, 74 ; 1 Steph. *Nisi Prius*, 216, 221, 222 ; *Bennett* v. *Appleton*, 25 Wend. 376 ; *Bowen* v. *Parry*, 1 C. & P. 394, (11 E. C. L. 433) ; *Rogers* v. *Waite*, 44 Maine, 276 ; *Jewell* v. *Mahood*, 44 N. H. 474 ; *Dingley* v. *Buffum*, 57 Maine, 379 ; *Dole* v. *Erskine*, 35 N. H. 503 ; *Brown* v. *Gordon*, 1 Gray, 185 ; *Coleman* v. *R. R. Co.* 106 Mass. 164 ; *Esty* v. *Wilmot*, 15 Gray, 168 ; *Smith* v. *Pierce*, 110 Mass. 35 ; *Hunnewell* v. *Hobart*, 42 Maine, 565 ; *Seekins* v. *Goodale*, 61 Maine, 400.

BARROWS, J. The defendant by his pleadings, placed his defence to this action for an assault and battery, alleged to have been committed by him upon the plaintiff, in part upon the general issue, and in part upon the ground that the plaintiff was attempting unlawfully to detain him in her shop ; and introduced evidence, tending to show that no force was used by him, beyond what was necessary to remove her from the door where she was opposing his egress and enable him to open it and go out.

The presiding judge instructed the jury that if from all the evidence, they should be satisfied that certain facts upon which defendant relied to show that the plaintiff was unlawfully attempting to detain him in the shop were established, the plaintiff could have no right to detain him, and that "defendant would be justified in using reasonable and sufficient force to relieve himself from such unlawful imprisonment; but that if he used more force than was reasonably sufficient, under the circumstances, for that purpose, then the plaintiff would be entitled to recover in this action." After stating the elements of damage, in terms of which defendant makes no complaint here in argument, he further told the jury that, if their verdict was for the plaintiff, it "should be for such a sum as would make the plaintiff pecuniarily whole—for such a sum as would fairly and justly compensate her for the injury received."

If the case were to turn upon the general issue only, or upon a finding by the jury that the plaintiff was not unlawfully attempting to detain the defendant in the shop, the defendant could not complain of this instruction as to the assessment of damages. It is substantially the same instruction which was given in *Watson* v. *Christie*, 2 Bos. & Pul. 224, and sustained there because the pleadings did not set up a justification, and so no question as to excess of force upon the part of the defendant could properly arise.

The difficulty with it in the present case is, that it seems to have been the only measure for the amount of damages which was given to the jury, and it is not appropriate upon the hypothesis that the jury should find that the defendant was subjected to an unlawful imprisonment by the plaintiff, and so had a right to use so much force as was necessary to liberate himself, in which case he would be responsible, only for so much of the damage suffered by the plaintiff as arose from the excess of force.

Upon this phase of the case the plaintiff could not properly be said to be entitled, as matter of law, to the full compensation contemplated in the instruction. She might, or she might not be. It would depend upon the finding of the jury whether the defendant could have relieved himself from the unlawful imprisonment without doing the plaintiff any damage.

The defendant complains, and we think justly, that the instruction withdrew from the jury, the inquiry how much of the damage which the plaintiff suffered, was attributable to her own unlawful resistance to the egress of the defendant; and that the jury should have been told, that in such case she could recover only for such damage as she sustained from the excess of force used by the defendant, above what was necessary to secure his release.

That this last is the proper and accurate limitation of the plaintiff's right to damages, seems to be settled both on principle and authority. *Rogers* v. *Waite*, 44 Maine, 276; *Jewell* v. *Mahood*, 44 N. H. 474; approved in *Dingley* v. *Buffum*, 57 Maine, 379; *Brown* v. *Gordon*, 1 Gray, 185; *Esty* v. *Wilmot*, 15 Gray, 168; *Coleman* v. *N. Y. & N. H. R. R. Co.* 106 Mass. 164. The plaintiff's counsel argues that inasmuch as the instruction given was correct if the jury found that there was no unlawful detention by the plaintiff, it was the duty of defendant's counsel, if he desired instructions applicable to the other phase of the case, to request them, and that the omission to give them when no request was made is not the subject of exceptions. The same position was taken and overruled in *Esty* v. *Wilmot*, 15 Gray, 168, where the ruling at *nisi prius*, though not identical in form was the same in effect. In that case the ruling was that one who used unnecessary and improper force to accomplish a purpose which was lawful (though not made so by virtue of any special and particular authority given to him by law), thereby "became a trespasser *ab initio*, and would be liable for all his acts." It could only be upon the ground that he was thus liable, that the rule, as to the measure of damages given in the case before us, could be regarded as correct. He would not be liable to make compensation for all the damage suffered by the plaintiff, unless he was "liable for all his acts;" and this excludes the idea that he might lawfully use so much force as might be necessary to free himself from an unlawful detention by the plaintiff, and be liable only for the excess.

While we do not doubt that if the attention of the presiding judge had been called to this branch of the defence, when he was giving his instructions as to the measure of damages, he would have made the needed correction, we do not feel at liberty

to say that the defendant's omission to call for instructions upon the hypothesis that the jury might find an unlawful detention of defendant by plaintiff, should be regarded as a waiver of his rights, under the pleadings and evidence stated in the exceptions. We think it was the duty of the presiding judge, without being specially thereto requested, to give the jury the rule of damages that would be appropriate in case they should find the defendant justified in using some force to remove the plaintiff from the door. That they did not so find it is impossible for us to say. If they did, the remark of YELVERTON, J., in *Bagshaw* v. *Gaward*, Yelv. 97, Metcalf's ed. becomes appropriate : "The party shall be punished only for that in which the act is tortious and for nothing more."

*Exceptions sustained.*

APPLETON, C. J., WALTON, DANFORTH, PETERS and LIBBEY, JJ., concurred.